CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
DEC 1 2 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOVEL QUINTANILLA, <br> Plaintiff, | Civil Action No. 7:05-CV-00693 |
| v. | MEMORANDUM OPINION |
| B.A. BLEDSOE, <br> Defendant. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Plaintiff Jovel Quintanilla, a Virginia inmate proceeding pro se, brings this action under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. Quintanilla asserts a federal cause of action arising out of the allegedly negligent actions of correctional officers which resulted in the theft of his walkman radio. Quintanilla seeks damages of $52.30, representing the cost of the radio. Having reviewed the complaint, I find that this action must dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

The Prison Litigation Reform Act (PLRA) states that a federal court shall dismiss an action filed in forma pauperis, at any time, if the court determines that the action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Congress has noted that a litigant "whose filing fees are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." Johnson v. Edlow, 37 F.Supp.2d 775, 776 (E.D.Va. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). Accordingly, the district courts has been afforded "wide

---

[1] The court notes that this claim is properly under the FTCA against the United States of America, not an individual. See 28 U.S.C. § 2679(b)(1). However, even if plaintiff were granted an opportunity to amend, his complaint must still be dismissed for the reasons stated herein.

1

latitude" to dismiss those claims which have no bearing in law or fact or those complaints in which any alleged damages are de minimis. See Nagy v. FMC Butner, 376 F.3d 252, 257 (4th Cir. 2004), cer't denied, 125 S.Ct. 1823 (2005); Neitzke v. Williams, 490 U.S. 319, 324 (1989); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

In Nagy, the plaintiff sought damages in the amount of $ 25.00 for a sweat suit lost in the prison laundry. Finding that there was no indication that the prison had a policy or habit of losing inmates' clothing, as this was a one time an incident, and as Nagy only alleged a $ 25.00 loss, the court dismissed his suit as frivolous pursuant to §1915(e)(2)(B). Similarly, Quintanilla now seeks minimal damages, $ 52.30, for a one time loss of personal property. Quintanilla alleges that a correctional officer placed him in custody and removed him from his cell without giving Quintanilla sufficient opportunity to secure his personal belongings. Thereafter, another inmate stole his walkman radio. However, Quintanilla does not assert that the prison has a general policy of preventing inmates from securing their possessions or encouraging theft among inmates, nor does he assert that under similar circumstances any other personal property has been stolen. Further, Quintanilla has not presented any claims for declaratory or injunctive relief. Accordingly, given the totality of the circumstances, I find that this claim must be dismissed without prejudice pursuant to §1915(e)(2)(B).

The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and counsel of record for the defendants.

ENTER: This 12th day of December, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge

2